JAMES P. KEMP, ESQ.
Nevada Bar No. 006375
KEMP & KEMP
7435 West Azure Drive, Suite 110
Las Vegas, NV 89130
(702) 258-1183 / (702) 258-6983 Fax
jp@kemp-attorneys.com
Attorney for Plaintiff SAM MUHN

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
***

SAM MUHN,                                              )
                                                       )
                              Plaintiff,               )
             vs.                                        )   Case No.:  2:25-cv-02472-BNW
                                                       )
EMPIRE SOUTHWEST, LLC; DOES I-X;                       )   **STIPULATED DISCOVERY PLAN AND**
ROE BUSINESS ENTITIES I-X,                             )   **SCHEDULING ORDER**
                                                       )
                                                       )   **[SUBMITTED IN COMPLIANCE WITH**
                              Defendants.               )   **LR 26-1(b)]**
                                                       )

Pursuant to Federal Rule of Civil Procedure 26(f), Defendant EMPIRE SOUTHWEST, LLC, and Plaintiff, SAM MUHN., through their respective counsel, submit the following proposed Discovery Plan and Scheduling Order.

(1)    Discovery Cut Off Date.   The parties request a discovery period of one hundred eighty (180) days from December 12, 2025 the date Defendant's Notice of Removal was filed. Therefore, the parties request that the discovery period close on **June 10, 2026**.

(2)    Amending the Pleadings and Adding Parties.  The date for filing motions to amend the pleadings or to add parties shall not be later than ninety (90) days prior to the close of discovery:  **March 12, 2026.**

(3)    Expert Witness Disclosures.  The disclosure of any expert witnesses shall be made sixty (60) days before the discovery deadline:  **April 10, 2026 [April 11 being a Saturday]**.  The disclosures of any rebuttal experts shall be due thirty (30) days after the initial disclosures of

1

experts: **May 11, 2026 [May 10 being a Sunday]**.  The requirements of F.R.C.P. 26(a) (2) (B) shall apply to any such disclosures.

(4)    Dispositive Motions.  Dispositive motions shall be filed not later than thirty (30) days after the discovery cut-off date:  **July 10, 2026**.

(5)    Pretrial Order.  The Joint Pretrial Order shall be filed not later than thirty (30) days after the date set for filing dispositive motions:  **August 10, 2026 [August 9 being a Sunday]**. However, in the event that dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after a decision on the dispositive motions or further order of the Court.

(6)    Rule 26(a) (3) Disclosures.  The disclosures required by Rule 26(a) (3) and any objection thereto shall be included in the Pretrial Order.

The parties will make their Initial Disclosures on or before **January 21, 2026**.   No changes need to be made in the timing, form or requirements for such disclosures.

(7)    Electronically Stored Information.  The parties have undertaken efforts to retain any electronically stored information relevant to this matter and have agreed that, unless the requesting party asks for a definite and specific form, the party producing any electronically stored information need not provide such information in any certain form as long as the form provides the other party (ies) reasonable access to the information.  The parties have further agreed that, to the extent any party seeks electronically stored information that would be cumulative, burdensome or unduly costly to produce, counsel for the parties will confer in good faith to reach a mutual agreement regarding the production of such information.

(8)    Protection of Privileged/Trial Preparation Materials.  The parties prefer to handle these issues on an ad hoc basis as no consensus can be reached in advance.

2

(9)   Subjects on Which Discovery Will be Conducted.   The parties are in agreement that discovery will be needed on the Plaintiff's claims, Defendants' denials and the affirmative defenses raised in the Answers.  No changes should be made on the limitations of discovery imposed under Federal Rules of Civil Procedure or local rules.

(10)   Alternative Dispute Resolution.   The parties certify they have met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration and early neutral evaluation.

(11)   Alternative Forms of Case Disposition.   The parties certify they have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 and the use of the Short Trial Program (General Order 2013-01)

(12)   ~~Discovery Disputes.~~   ~~The parties agree that in accordance with Fed.R.Civ.P.~~ ~~16(b)(3)(B)(v)  that after meeting and conferring in good faith, but before moving for an order~~ ~~relating to discovery, the movant must request a conference with the court in order to attempt to~~ ~~resolve any discovery dispute expeditiously without the need for formal motion practice.~~

(13)   Electronic Evidence.   The parties certify they have discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. Discussions between the parties will be ongoing as the trial date approaches and any electronic evidence will be presented in a format compatible with the court's electronic jury evidence display system.

(14)   Email Service of Discovery.   The parties agree that discovery requests, discovery responses, and document productions may be served on counsel of record via email. Service of such documents by email shall be treated the same as service by personal delivery for purposes of calculating deadlines. Service by email to Plaintiff can be made to jp@kemp-attorneys.com,

bvaldez@kemp-attorneys.com, and bfurnell@kemp-attorneys.com. Service by email to Defendant can be made to mdurham@kskdlaw.com, bthompson@kskdlaw.com, and aallen@kskdlaw.com, and/or such others as the parties may designate.

(15) Discovery does not need to be conducted in phases or limited or focused on particular issues.

| KEMP & KEMP | KING SCOW KOCH DURHAM LLC |
|---|---|
| /s/James P. Kemp | /s/ Matthew L. Durham |
| James P. Kemp (NV Bar No. 6375) | Matthew L. Durham (NV Bar No. 10342) |
| 7435 W. Azure Drive, Suite 110 | 11500 S. Eastern Ave., Suite 210 |
| Las Vegas, NV 89130 | Henderson, NV 89052 |
| Attorneys for Plaintiff | Attorneys for Defendant |
| SAM MUHN | EMPIRE SOUTHWEST, LLC |

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

Dated: January 13, 2026

4